ESTADO LIBRE ASOCIADO DE PUERTO RICO
TRIBUNAL DE APELACIONES
PANEL VI

| | | |
|---|---|---|
| LUIS CARABALLO MATTEI<br><br>Recurrido<br><br>v.<br><br>COLEGIO DE TECNOLOGOS MEDICOS DE PUERTO RICO<br><br>Peticionario | TA2026CE00098 | *Certiorari,*<br>procedente del Tribunal de Primera Instancia, Sala Superior de Ponce<br><br>Caso Núm.:<br>PO2025CV02955<br><br>Sobre: Despido Injustificado (Ley Núm. 80) |

Panel integrado por su presidente el Juez Rivera Colón, el Juez Monge Gómez y la Jueza Prats Palerm.

Prats Palerm, Jueza Ponente

**RESOLUCIÓN**

En San Juan, Puerto Rico, a 30 de enero de 2026.

Comparece el Colegio de Tecnólogos Médicos de Puerto Rico ("CTMPR" o "Peticionario") mediante *Certiorari* y nos solicita que revisemos una *Resolución* emitida el 13 de enero de 2026, notificada el 15 de enero de 2026, por el Tribunal de Primera Instancia, Sala Superior de Ponce ("TPI"). En virtud del aludido dictamen, el TPI denegó la *Solicitud de Desestimación y/o Sentencia Sumaria* presentada por el peticionario.

Por los fundamentos que proceden, denegamos expedir el auto de *certiorari* solicitado.

**I.**

El 17 de octubre de 2025, Luis Caraballo Mattei ("señor Caraballo Mattei" o "Recurrido") instó una *Querella* sobre despido injusto, al amparo del procedimiento sumario dispuesto en la Ley Núm. 2 de 17 de octubre de 1964, conocida como la *Ley de Procedimiento Sumario de Reclamaciones Laborales*, 32 LPRA sec. 3118 *et seq.* en contra del CTMPR. Expresó que, como presidente de la Junta de Directores del CTMPR, formó parte del caso *Barbara Surrillo Trautman v. Junta de Directores del Colegio de Tecnólogos Médicos de Puerto Rico*, BY2024CE04680. Alegó que, como represalia por su participación en el pleito, el 18 de noviembre de 2024, fue despedido por la Lcda. Surrillo Tautman de su

empleo como Director Ejecutivo del CTMPR. Añadió que el despido se efectuó sin causa justificada, expediente disciplinario o advertencias previas, en violación a la Ley Núm. 80 de 30 de mayo de 1976, según enmendada, conocida como la *Ley sobre Despidos Injustificados*, 29 LPRA sec. 185a *et seq*. Por tanto, solicitó el pago de $21,000.00., por concepto de mesada, una indemnización adicional por concepto de daños y angustias mentales, así como honorarios de abogado.

Tras varias instancias, el 15 de diciembre de 2025, el CTMPR presentó una *Solicitud de Desestimación y/o Sentencia Sumaria*, en virtud de la Regla 10.2 (5) de Procedimiento Civil, 32 LPRA Ap. V., R. 10.2 (5). En síntesis, arguyó que las alegaciones resultaban insuficientes para la concesión de un remedio. De manera particular, señaló que no surge de la *Querella* la fecha de comienzo del empleo, elemento indispensable para calcular la mesada. Sostuvo, además, que el despido del señor Caraballo Mattei respondió a una serie de cuestiones éticas planteadas tras su nombramiento, por lo cual estuvo justificado. Así dispuesto, razonó que procedía la desestimación de la causa de acción.

El 5 de enero de 2026, el recurrido notificó su *Moción en Oposición a Solicitud de Desestimación y Sentencia Sumaria*. Esbozó que existen controversias reales y sustanciales de hechos que impiden la desestimación o la disposición sumaria del pleito. A su vez, manifestó que la querella cumple con el estándar de plausibilidad y se encuentra respaldada por la prueba documental.

En respuesta, el 9 de enero de 2026, el CTMPR radicó una *Réplica y Solicitud Reiterando Desestimación y/o Sentencia Sumaria*. Aquilatadas las mociones, el 13 de enero de 2026, notificada el 15 del mismo mes y año, el foro de instancia emitió una *Resolución Interlocutoria* en virtud de la cual denegó la moción de desestimación presentada por el peticionario.

Inconforme, el 26 de enero de 2026, el CTMPR acudió ante nos mediante *Certiorari* en el cual le imputó al TPI la comisión de los siguientes errores:

> **Erró el TPI al no desestimar la causa de acción al amparo de la Ley 115 aun cuando de las alegaciones no se desprende que tenga derecho a un remedio.**

> **Erró el TPI al no desestimar la causa de acción al amparo de la Ley 80 a pesar de que la demanda contiene alegaciones insuficientes que no justifican la concesión de un remedio.**

El 27 de enero de 2026, este Tribunal dictó una *Resolución* mediante la cual le concedimos diez (10) días a la parte recurrida para presentar su alegato en oposición. No obstante, examinado el recurso, optamos por prescindir de los términos, escritos y procedimientos ulteriores "con el propósito de lograr su más justo y eficiente despacho". Regla 7 (B)(5) del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, pág. 13, 215 DPR __ (2025).

**II.**

**-A-**

El auto de *certiorari* es un vehículo procesal que permite a un tribunal de mayor jerarquía revisar las determinaciones de un tribunal inferior. En esencia, se trata de un recurso extraordinario mediante el cual se solicita al tribunal de superior jerarquía la corrección de un error cometido por el tribunal inferior. *Rivera et als. v. Arcos Dorados,* 212 DPR 124 (2023); *800 Ponce de León Corp. v. American International Insurance*, 205 DPR 163 (2020); *Medina Nazario v. McNeil Healthcare, LLC*, 194 DPR 723, 728-729 (2016); véase, además, Art. 670 del Código de Enjuiciamiento Civil, 32 LPRA sec. 3491. Por tanto, la expedición del auto de *certiorari* descansa en la sana discreción del tribunal revisor. *Íd.; IG Builders et al v. BBVAPR*, 185 DPR 307, 337-338 (2012).

La Regla 52.1 de Procedimiento Civil, 32 LPRA Ap. V, delimita expresamente las instancias en las que este Tribunal de Apelaciones puede expedir los recursos de *certiorari* para revisar resoluciones y órdenes interlocutorias del foro de Instancia. *800 Ponce de León Corp. v. American International Insurance, supra*; *Scotiabank de Puerto Rico v. ZAF Corporation*, 202 DPR 478, 487 (2019). En lo pertinente, la referida regla dispone lo siguiente:

> El recurso de *certiorari* para revisar resoluciones u órdenes interlocutorias dictadas por el Tribunal de Primera Instancia, solamente será expedido por el Tribunal de Apelaciones cuando se recurra de una resolución u orden bajo las Reglas 56 y 57 o de la denegatoria de una moción de carácter dispositivo. No obstante, y por excepción a lo dispuesto anteriormente, el Tribunal de Apelaciones podrá revisar órdenes o resoluciones interlocutorias dictadas por el Tribunal de Primera Instancia cuando se recurra de decisiones sobre la admisibilidad de testigos de hechos o peritos esenciales, asuntos relativos a privilegios evidenciarios, anotaciones de rebeldía o en casos de relaciones de familia, en casos que revistan

interés público o en cualquier otra situación en la cual esperar a la apelación constituiría un fracaso irremediable de la justicia. Al denegar la expedición de un recurso de certiorari, en estos casos, el Tribunal de Apelaciones no tiene que fundamentar su decisión. 32 LPRA Ap. V, R. 52.1.

Aun cuando al amparo del precitado estatuto adquirimos jurisdicción sobre un recurso de *certiorari*, la expedición del auto y la adjudicación en sus méritos es un asunto discrecional. No obstante, tal discreción no opera en el abstracto. *Torres Martínez v. Torres Ghigliotty*, 175 DPR 83, 96 (2008). La Regla 40 del Reglamento del Tribunal de Apelaciones establece los criterios que este foro tomará en consideración para ejercer prudentemente su discreción para expedir o no un recurso de *certiorari*, a saber:

A. Si el remedio y la disposición de la decisión recurrida, a diferencia de sus fundamentos son contrarios a derecho.
B. Si la situación de hechos planteada es la más indicada para analizar el problema.
C. Si ha mediado prejuicio, parcialidad, o error craso y manifiesto de la apreciación de la prueba por el Tribunal de Primera Instancia.
D. Si el asunto planteado exige consideración, más detenida a la luz de los autos originales, por los cuales deberán ser elevados, o de alegatos más elaborados.
E. Si la etapa del procedimiento en que se presenta el caso es la más propicia para su consideración.
F. Si la expedición del auto o de la orden de mostrar causa no causan un fraccionamiento indebido del pleito y una dilación indeseable en la solución final del litigio.
G. Si la expedición del auto o de la orden de mostrar causa evita un fracaso de la justicia. Regla 40 del Reglamento del Tribunal de Apelaciones, según enmendada, *In re Aprob. Enmdas. Reglamento TA*, 2025 TSPR 42, págs. 59-60, 215 DPR __ (2025).

De otra parte, este Tribunal solo intervendrá con las determinaciones discrecionales del Tribunal de Primera Instancia, cuando se demuestre que hubo un craso abuso de discreción, prejuicio, parcialidad o error manifiesto. *Trans-Oceanic Life Ins. v. Oracle Corp.*, 184 DPR 689, 709 (2012), citando a *Lluch v. España Service Sta.*, 117 DPR 729, 745 (1986). En el ámbito jurídico la discreción ha sido definida como una forma de razonabilidad aplicada al discernimiento judicial para llegar a una conclusión justiciera. *SLG Zapata-Rivera v. J.F. Montalvo,* 189 DPR 414, 434-435 (2013). La discreción se nutre de un juicio racional apoyado en la razonabilidad y fundamentado en un sentido llano de justicia. *Íd.* Por lo anterior, un adecuado ejercicio de discreción judicial está estrechamente relacionado con el concepto de razonabilidad. *Umpierre*

*Matos v. Juelle Albello*, 203 DPR 254, 275 (2019); *Rivera y otros v. Bco. Popular*, 152 DPR 140, 155 (2000).

**-B-**

La Ley Núm. 2-1961, *supra*, provee un procedimiento sumario para la tramitación y adjudicación de pleitos laborales. La esencia del trámite sumario es proveer un mecanismo judicial para que se consideren y adjudiquen querellas de obreros o empleados de manera rápida, principalmente en casos de reclamaciones salariales y beneficios. *Bacardí Corporation v. Torres Arroyo*, 202 DPR 1014, 1019 (2019); *Medina Nazario v. McNeil Healthcare LLC*, 194 DPR 723, 732 (2016).

Mediante la aprobación de la Ley Núm. 2-1961, *supra*, el legislador pretendió brindarle a los obreros y empleados un mecanismo procesal judicial capaz de lograr la rápida consideración y adjudicación de las querellas que estos presenten contra sus patronos. *Vizcarrondo Morales v. MVM, Inc.*, 174 DPR 921, 928 (2008); *Rivera v. Insular Wire Products Corp.*, 140 DPR 912, 923 (1996). De esta forma, se adelanta la política pública de proteger al obrero y desalentar el despido injustificado. *Izagas Santos v. Family Drug Center*, 182 DPR 463, 480 (2011).

Es por ello que, el estatuto introdujo a nuestro ordenamiento jurídico un trámite especial y expedito para atender las querellas relacionadas con disputas laborales presentadas por empleados o empleadas, u obreros u obreras en contra de sus patronos. En estos casos se aplicarán las Reglas de Procedimiento Civil en todo aquello que no esté en conflicto con las disposiciones específicas de las mismas o con el carácter sumario del procedimiento establecido por esta ley. *Díaz Santiago v. Pontificia Universidad Católica de Puerto Rico*, 207 DPR 339 (2021).

Atinente a nuestra función revisora, el Tribunal Supremo ha resuelto que las resoluciones interlocutorias que emita el Tribunal de Primera Instancia no son revisables mediante *certiorari*. *Dávila, Rivera v. Antilles Shipping, Inc.*, 147 DPR 483, 497 (1999). No obstante, ha delimitado tres (3) instancias en las que se justifica ejercer nuestra facultad revisora, a saber: (1) cuando el foro primario

haya actuado sin jurisdicción; (2) en situaciones en las que la revisión inmediata dispone del caso por completo, y (3) cuando la revisión tenga el efecto de evitar una grave injusticia. *Dávila, Rivera v. Antilles Shipping, Inc., supra,* pág. 498. A se vez, se ha advertido que le corresponde a los tribunales asegurar la estricta observancia del proceso sumario [...]". *León Torres v. Rivera Lebrón,* 204 DPR 20,33, (2020).

### III.

En el recurso que nos ocupa, el peticionario nos solicita que revisemos una *Resolución Interlocutoria* dictada en un procedimiento sumario instado al amparo de la Ley 2-1961, *supra.*

Como regla general, la Ley 2-1961, *supra,* limita nuestra facultad revisora sobre los dictámenes interlocutorios emitidos por el foro de instancia. A manera de excepción, podremos intervenir en las siguientes instancias: (1) cuando el foro actuó sin jurisdicción; (2) en situaciones en las que la revisión inmediata disponga del caso por completo; o (3) cuando nuestra intervención tenga el efecto de evitar una grave injusticia. *Dávila, Rivera v. Antilles Shipping, Inc., supra.*

Luego de examinar el expediente, a la luz de los criterios esbozados, no identificamos razón por la cual debamos intervenir en esta etapa de los procedimientos. Ello, ya que no se presentan ninguna de las excepciones contempladas jurisprudencialmente. De igual manera, no nos parece que la resolución recurrida sea contraria a derecho, o que hubiera mediado prejuicio, parcialidad o abuso de discreción por parte del foro primario.

### IV.

Por los fundamentos que anteceden, se *deniega* la expedición del recurso de *certiorari* solicitado.

Lo acordó y manda el Tribunal, y lo certifica la Secretaria del Tribunal de Apelaciones.

Lcda. Lilia M. Oquendo Solís
Secretaria del Tribunal de Apelaciones